BANK OF ALPENA, Appellant v. PARSONS et al (Chicago, Milwaukee & St. Paul Railway Company, Garnishee, Respondent.)

(179 N. W. 32.)

(File No. 4728.   Opinion filed September 24, 1920.)

1. **Actions—Non-joint Contract—Justice Court—Defendant Nonresident of Venue County, Served Where Resided—Garnishee Service in Venue County—Judgment Void Re Defendant, Garnishee—Statute Construed.**

   In an action before a justice of the peace pending in K county, defendant was a resident of and served with summons in B county, followed by service by garnishee summons upon a garnishee in K county, judgment being entered by default against both principal defendant and garnishee. Held, that garnishee's motion upon appeal in circuit court to set aside judgment against principal defendant and against garnishee, on ground that justice had no jurisdiction over person or subject of the action, because of non-residence of principal defendant in K county and non-service therein, was properly sustained; judgment against both defendants being void; construing Secs. 2130 and 2141, Code 1919, providing that a summons from justice court cannot be served outside of county of the justice, except where the action is brought upon joint contract, etc., of several persons residing in different counties; the present not being such action; and in cases not within the exception in

Sec. 2141, defendant must be served within county of justice issuing summons, in order to confer jurisdiction over defendant; and there must be valid judgment against principal defendant before one can be rendered against garnishee defendant, process against the latter being ancillary to main action.

2.  Same—Statutory Proviso Re Service of Garnishee Summons on Principal Defendant, Statutes Harmonized—When "In Rem" Judgment Recoverable.

Nor is the contention tenable that the proviso in Sec. 2159, Code 1919, that at time of service of summons in principal action, unless made without the county or by publication, principal defendant shall also be served with garnishee summons, as authorizing service of summons in principal action, in all cases, outside the county of the justice issuing summons; since such interpretation would conflict with and nullify the provisions in Secs. 2130 and 2141; that the words "without the county" in the proviso relate to those cases within the exception in Sec. 2141 where service outside county of the justice is authorized in actions on joint obligation of persons residing in different counties; and the three sections must be construed so that the provisions thereof shall harmonize; this in view also of absence of any provision, either in our garnishment or attachment statutes, authorizing in justice court an "in rem" judgment against property of any resident in this state but out of county of the justice, except in cases involving joint liability.

Smith and Gates, JJ., not sitting.

Appeal from Circuit Court, Kingsbury County, Hon. Alva E. Taylor, Judge.

Action by Bank of Alpena, a corporation, against H. A. Parsons, Defendant, and the Chicago & Milwaukee & St. Paul Railway Company, a corporation, upon contract. From an order setting aside a judgment against the principal defendant and against the garnishee, and dismissing the action, plaintiff appeals. Affirmed.

*M. E. Culhane, B. H. Schaphorst,* and *F. C. Austin,* for Appellant.

*Geo. R. Farmer, Wm. H. Warren,* and *Ed. L. Grantham,* for Respondent.

(1)  To point one of the opinion, Respondent cited: Secs. 2141, 2129, Code 1919; Fargo v. Schraudenbach (S. D.) 167, N. W. 492; Knittle v. Ellenbush et al. (S. D.) 159 N. W. 893; Streissguth v. Reigelman (Wis.) 43 N. W. 1116.

(2)   To point two, re "in rem" judgment, Appellant cited: Burcell v. Goldstein, (N. D.) 136 N. W., 243; State v. Circuit Court, (S. D.) 143 N. W., 892; and submitted that: The word "defendant" in the proviso is in the singular and not in the plural, and the wording contemplates one defendant and not two.

McCOY, P. J.   This action was commenced in Kingsbury county before a justice of the peace. Defendant was a resident of and was personally served with summons within Brown county. At the time of the issuance of the summons in the action, on March 5, 1918, a garnishee summons was issued and served upon the garnishee defendant, Chicago, Milwaukee & St. Paul Railway Company, within Kingsbury county. The summons in the principal action and the garnishee summons were both made returnable on March 14, 1918, and neither the principal defendant nor the garnishee defendant made any appearance in justice court, and a default judgment was rendered against the principal defendant and the garnishee defendant. Thereafter the garnishee defendant duly appealed from said judgment against it to the circuit court of Kingsbury county. In the circuit court the garnishee defendant moved to set aside the judgment against the principal defendant and against the garnishee defendant, rendered in the justice court, on the ground that said justice had no jurisdiction over the person or subject of the action, in this, that the record discloses that the principal defendant was not a resident of Kingsbury county, and was not served with summons in said action in said Kingsbury county, and that by reason thereof the said judgment against the principal defendant, as well as that against the garnishee defendant, was void. The motion was granted and from an order and judgment dismissing and setting aside said judgment the plaintiff apepals.

[1-2]   We are of the opinion that the trial court did not commit error. Section 2130 and 2141, Code 1919, provide that a summons issued from a justice court cannot be served outside the county of the justice before whom the action is brought, except where the action is brought upon a joint contract or obligation of two or more persons who reside in different counties in this state. This is not such an action. The provisions of these sections relate to the principal defendant, and in cases not within the exception contained in section 2141 the defendant must be served within the

county of the justice of the peace who issued the summons in order to give the justice court jurisdiction of such defendant. There must be a valid judgment against the principal defendant before a judgment can be rendered against a garnishee defendant, as garnishee process is ancillary to the main action. Appellant contends that the proviso, "Provided, that at the time of the service of the summons in the principal action, unless such service is·made without the county or by publication, the principal defendant shall also be served with garnishee summons," contained section 2159, authorizes the service of a summons in the principal action, in all cases, outside the county of the justice who issued such summons. Such an interpretation would be in conflict with and nullify the provisions of section 2130 and 2141. We are of the view that the words "without the county," found in this proviso of section 2159, relate to those cases within the exception contained in section 2141 where service outside the county of the justice is authorized in actions brought on a joint obligation of two or more persons residing in different counties; that these three sections of our statute must be construed together in the light of each other, so that the provisions thereof will harmonize. This construction is in accordance with the familiar general rule that statutes must be so construed as to give effect to and harmonize all the different portions thereof. It will be observed there is no provision, either in our garnishment or attachment statutes, under which, in an action in justice court, an "in rem" judgment may be obtained against the property of a person residing in this state, but out of the county of the justice, except in cases involving joint liability.

The judgment appealed from is affirmed.

SMITH and GATES, JJ., not sitting.